IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA SUE COLANER, | : | |
| | : | |
| Plaintiff, | : | Case No. 12-cv-00716 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | Magistrate Judge Abel |
| Defendant. | : | |

## ORDER AND ORDER

On July 19, 2013, the United States Magistrate Judge issued a **Report and Recommendation** in this case, recommending that this Court remand to the administrative law judge ("ALJ"), in order for the ALJ to use a medical expert to assist in determining Plaintiff's residual functional capacity for the relevant period. (Doc. 14). Defendant objected to this recommendation (Doc. 15) and Plaintiff replied, asking this Court to adopt the Report and Recommendation in full (Doc. 16).

For the reasons stated herein, the court **OVERRULES** Defendant's Objections, **ADOPTS** the Magistrate Judge's **Report and Recommendation**, and **REMANDS** the case to the administrative law judge.

## I.  BACKGROUND

Plaintiff, Angela Colaner, filed her application for disability insurance benefits on January 5, 2009, alleging that she became disabled on November 28, 2005, at age 38. Plaintiff asserts that she suffers from degenerative disc disease ("DDD"), panic attacks, high blood pressure, and high cholesterol. She was last insured for benefits on September 30, 2006. (*Report & Recommendation*, Doc. 12, at 1-2).

Plaintiff was forced to leave her job as a convenience store clerk in 2005 because of impairments to her back.  She had recovered from back surgery in 2003, but by 2005 her DDD caused intense pain, which worsened by 2008, spreading to her legs, and prompting Plaintiff to undergo an additional surgery.  Plaintiff had surgery for a third time in 2010, and now wears a back brace.  Plaintiff walks with a cane, and uses medication to treat the pain, which makes her drowsy.  She sleeps in a recliner because she cannot lie down.  (*Id.*, 2-3)

Plaintiff's application for benefits was denied initially, and upon reconsideration.  On February 2, 2011, the administrative law judge ("ALJ") held a hearing, at which Plaintiff, as well as a vocational expert and a medical advisor, testified.  The ALJ found that Plaintiff had last met the requirements for benefits on September 30, 2006, and that, from November 5, 2005, to September 30, 2006, Plaintiff suffered from lower back pain and DDD, and did not engage in substantial gainful activity.  The ALJ concluded, however, that during this period the Plaintiff had the residual functional capacity ("RFC") to perform "a full range of medium work," as defined in 20 C.F.R. § 404.1567(c), and was capable of performing past relevant work (e.g. as a nursery worker); accordingly, the ALJ found that Plaintiff was not under a disability during this time.  (Doc. 12, at 9).  Plaintiff disputes this determination.

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b) (1).

2

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when a reasonable mind might accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without inference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal quotation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rubbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.   ANALYSIS

Defendant challenges the recommendation by the Magistrate Judge that the ALJ failed to obtain evidence to support his conclusion that Plaintiff could perform "medium work." The Report and Recommendation concluded that the ALJ "did not ask the medical expert his opinion as to Plaintiff's [RFC]," nor consider any RFC assessments completed by State agency physicians; instead, the ALJ merely "assumed" that Plaintiff could continue to perform past relevant work, without any evidentiary basis. (Doc. 12, at 21-22). The Magistrate Judge therefore recommended that the case be remanded for the ALJ to "use a medical expert to assist

3

him in considering the evidence relevant to determining Plaintiff's residual functional capacity prior to her date last insured." (*Id.*, at 22).

Defendant argues that such additional evidence is unnecessary. Rather, the ALJ's conclusion is supported by "substantial evidence, including Plaintiff's medical history, treating notes from her treating physicians, and reports from state agency doctors." (Doc. 15, at 1). The ALJ was not required to supplement with additional testimony from a medical expert because there was sufficient evidence already available to the ALJ on which he could base his conclusion. (*Id.*, at 1-2). Because an expert medical statement is only "one of several factors" that an ALJ considers in determining an individual's RFC, and ALJ's decision "can still be supported by substantial evidence even if there is no medical source opinion that directly supports the ALJ's RFC finding." (*Id.*, at 2-3).

Defendant misconstrues the ALJ's obligation. The ALJ here did not do enough to establish "substantial evidence" to support his RFC determination.

The ALJ has responsibility to develop the administrative record, *see* 20 C.F.R. §§ 416.945(a)(3), 416.912(d), (e), even if Plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments, *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007). Although the ALJ has discretion whether to order a consultative examination, or call a medical expert at the hearing, the ALJ's RFC finding must have the support of "substantial evidence" in the administrative record. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

Citing *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008), Plaintiff argues that the ALJ erred in not taking medical expert testimony as to Plaintiff's RFC. The RFC determination is an administrative finding of fact reserved to the Commissioner. 20

C.F.R. §§ 404.1527(d)(2), (3); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004).  In assessing a claimant's RFC, an ALJ must consider all relevant record evidence, including medical source opinions on the severity of a claimant's impairments. *See* 20 C.F.R. §§ 404.1527(d), 404.1545(a).  On this basis, the court in *Deskin* held that "[a]s a general rule,"

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows "relatively little physical impairment" and an ALJ can render a commonsense judgment about functional capacity.

*Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (internal quotation omitted).

However, as Magistrate Judge Baughman, the author of *Deskin*, acknowledged in a later opinion, "[p]roperly understood, *Deskin* sets out a *narrow rule* . . . It potentially applies only when an ALJ makes a finding of work-related limitations based on *no medical source opinion* or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec.*, 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011) (emphasis supplied); *cf. Henderson v. Comm'r of Soc. Sec.*, No. 1:08-CV-2080, 2010 WL 750222, at *2 (N.D.Ohio Mar. 1, 2010) (*Deskin* "is not representative of the law established by the legislature, and interpreted by the Sixth Circuit Court of Appeals.").

Even under the limited scope of *Deskin*, the ALJ in this case did not do enough.  The "key inquiry" is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Williams v. Astrue*, 1:11-CV-2569, 2012 WL 3586962 (N.D. Ohio Aug. 20, 2012).  While the ALJ reviewed Plaintiff's medical history from 2005 and 2006 (R. at

204, 316-17, 535-36), as well as notes from her treating physicians in September 2006 (R. at 305) and October 2006 (R. at 303-04), the ALJ did not have "any opinions from treating or examining physicians" to aid him in assessing Plaintiff's RFC.  (*See* R. at 70).

In the years since *Deskin*, district courts have continued to insist that an ALJ not "interpret raw medical data."  *Willaman v. Comm'r of Soc. Sec.*, 5:12-CV-180, 2013 WL 877126, at *6 (N.D. Ohio Mar. 7, 2013).  Rather, an ALJ has sufficiently developed the record, and may avoid a *Deskin* remand, when the ALJ acts based on *some* medical expert opinion evidence.  *See, e.g.*, *id.* (unlike *Deskin*, the ALJ "did not interpret raw medical data.  Instead, the ALJ's decision was based on his review of all the medical opinion evidence, particularly the opinions of the two state agency physicians who reviewed Willaman's records and opined regarding his functional limitations"); *Styen v. Comm'r of Soc. Sec.*, 4:12-CV-455, 2013 WL 441068, at *17 (N.D. Ohio Jan. 14, 2013), *report and recommendation adopted*, 4:12-CV-455, 2013 WL 441071 (N.D. Ohio Feb. 4, 2013) (ALJ "did not simply interpret raw medical data"; rather, he "looked at the objective medical evidence, as well as the opinion of Dr. Albert, before rendering his decision."); *Raber v. Comm'r of Soc. Sec.*, 4:12-CV-97, 2013 WL 1284312, at *17 (N.D. Ohio Mar. 27, 2013) (Even though medical opinion assessing Plaintiff's RFC pre-dated certain additional medical records, the new records did not change the evidence enough as to render the opinion outdated); *cf. Steadman v. Astrue*, 1:10-CV-801, 2011 WL 6415508, at *8 (S.D. Ohio Dec. 21, 2011) (Despite no medical source opinion, ALJ acted properly when he "gave Plaintiff the benefit of the doubt in finding" a severe impairment, and, given the "lack of evidence supporting a claim of disabling back pain," the ALJ "arguably would have been justified in concluding that Plaintiff has no external limitations" whatsoever).

Where, as here, an ALJ determines a plaintiff's RFC based on no medical opinion evidence, and instead interprets, on his own, "raw medical data," the Court cannot find that there exists substantial evidence to support the ALJ's determination. Accordingly, the case must be **REMANDED**.

### IV. CONCLUSION

For the reasons stated above, Defendant's Objections are hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. The action is hereby **REMANDED** to the administrative law judge.

**IT IS SO ORDERED.**

                                                         s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 30, 2013**